## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN RYAN,<br><br>               Plaintiff,<br><br>     v.<br><br>ROMEO POWER, INC., SUSAN S. BRENNAN, LAUREN WEBB, ROBERT S. MANCINI, DONALD S. GOTTWALD, LAURENE HORISZNY, PHILIP KASSIN, TIMOTHY E. STUART, and PAUL S. WILLIAMS,<br><br>               Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff John Ryan ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

### NATURE OF THE ACTION

1.      Plaintiff brings this action against Romeo Power, Inc. ("Romeo Power" or the "Company") and Romeo Power's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78n(d)(4), 78n(e), 78t(a), and SEC Rule 14d-9, 17 C.F.R. § 240.14d-9, arising out of the Board's attempt to sell the Company to Nikola Corporation through its wholly-owned subsidiary J Purchaser Corp. (collectively "Nikola").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading solicitation statement (the "14D-9") to be filed with the Securities and Exchange Commission ("SEC") on August 29, 2022. The 14D-9 recommends that Romeo Power stockholders tender their shares in favor of a proposed transaction (the "Proposed Transaction") whereby Romeo Power is acquired by Nikola. The Proposed

Transaction was first disclosed on August 1, 2022, when Romeo Power and Nikola announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Romeo Power stockholders will receive 0.1186 of a share of Nikola for each share of Romeo Power common stock (the "Merger Consideration"). The deal is valued at approximately $144 million and is expected to close by the end of October 2022.

3.      The 14D-9 is materially incomplete and contains misleading representations and information in violation of Sections 14(e) and 20(a) of the Exchange Act. Specifically, the 14D-9 contains materially incomplete and misleading information concerning the financial projections prepared by Romeo Power management, as well as the financial analyses conducted by Morgan Stanley & Co., LLC ("Morgan Stanley"), Romeo Power's financial advisor.

4.      For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing any amendment to the 14D-9, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Romeo Power's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5.      Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Romeo Power.

6.      Defendant Romeo Power is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 5560 Katella Avenue, Cypress, California 90630. Romeo Power common stock trades on the New York Stock Exchange under the symbol "RMO."

7.      Defendant Susan S. Brennan has been a director of the Company since 2020 and has been the Company's Chief Executive Officer and President since 2021.

8.      Defendant Lauren Webb has been a director of the Company since 2020. Defendant Webb has been the Company's Chief Strategy and Commercial Officer since 2021.

9.      Defendant Robert S. Mancini has been a director of the Company since 2018. Defendant Mancini serves as Chairman of the Board.

10.      Defendant Donald S. Gottwald has been a director of the Company since 2020.

11.      Defendant Laurene Horiszny has been a director of the Company since 2021.

12.      Defendant Philip Kassin has been a director of the Company since 2018.

13.      Defendant Timothy E. Stuart has been a director of the Company since 2020.

14.      Defendant Paul S. Williams has been a director of the Company since 2020.

15.      Nonparty Nikola Corporation is a corporation organized and existing under the laws of the State of Delaware. Nikola's principal executive offices are located at 4141 E Broadway Rd, Phoenix, AZ 85040. Nikola common stock trades on the NASDAQ under the ticker symbol "NKLA."

16.      Nonparty J Purchaser Corp. is a Delaware Corporation and is a wholly owned subsidiary of Nikola Corporation.

## JURISDICTION AND VENUE

17.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(e) and 20(a) of the Exchange Act.

18.      Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either

present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

19.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A.  Background of the Company and the Proposed Transaction

20.     Founded in 2016 and headquartered in Cypress, California, Romeo Power is an energy technology company delivering advanced electrification solutions for complex commercial vehicle applications. The Company provides a suite of advanced battery electric products and a battery management system.

21.     On July 30, 2022, the Company entered into the Merger Agreement with Nikola.

22.     According to the press release issued on August 1, 2022 announcing the Proposed Transaction:

### Nikola Agrees to Acquire Romeo Power, To Bring Battery Pack Engineering and Production In-House

- Acquisition will secure control of critical battery pack engineering and production process
- Transaction expected to yield annual cost savings of up to $350 million by 2026
- Romeo's Cypress, California facility will become Nikola's Battery Center of Excellence
- Nikola to host analyst and investor webcast on August 1 at 11:00 a.m. Eastern Time (8:00 a.m. Pacific Time)

PHOENIX, Aug. 1, 2022 — Nikola Corporation (NASDAQ: NKLA), and Romeo Power, Inc. (NYSE: RMO), today announced they have entered into a definitive agreement in which Nikola, a global leader in zero-emissions transportation and energy infrastructure solutions, will acquire Romeo, an energy technology leader delivering advanced electrification solutions for complex commercial vehicle

applications, in an all-stock transaction. The proposed exchange ratio implies a consideration of $0.74 per Romeo share and represents an approximately 34% premium to Romeo's July 29, 2022 closing share price and values 100% of Romeo's equity at approximately $144 million.

Headquartered in Cypress, California, Romeo is an energy storage technology company focused on designing and manufacturing lithium-ion battery modules and packs for commercial vehicle applications. As Romeo's largest customer, Nikola expects the acquisition will allow for significant operational improvement and cost reduction in battery pack production. The addition of Romeo's battery and battery management system (BMS) engineering capabilities are also expected to support accelerated product development and improved performance for Nikola customers.

"Romeo has been a valued supplier to Nikola, and we are excited to further leverage their technological capabilities as the landscape for vehicle electrification grows more sophisticated. With control over the essential battery pack technologies and manufacturing process, we believe we will be able to accelerate the development of our electrification platform and better serve our customers," said Mark Russell, Nikola's Chief Executive Officer. "Given our strong relationship with Romeo and ongoing collaboration, we are confident in our ability to successfully integrate and deliver the many expected strategic and financial benefits of this acquisition. We look forward to creating a zero-emissions future together."

Robert Mancini, Romeo Power's Chairman of the Board of Directors, added, "As Romeo's largest customer, Nikola has been a cornerstone of our development and growth, and this is a natural evolution of our relationship. Our products provide critical energy density important to heavy-duty vehicles, combined with safety performance and battery management software. Following an extensive review of alternatives, we firmly believe that this combination offers the best opportunity for Romeo shareholders to participate in the ongoing value creation at a larger scale, stronger combined company. It is exciting to see Romeo joining the Nikola family."

**Compelling Strategic Rationale**

- Vertical integration and single product focus will drive significant operational improvement and cost reduction for one of the most expensive components of the bill of materials

- Integrated commercial vehicle electrification platform is expected to lead to manufacturing excellence and expected annual cost savings of up to $350 million by 2026; reduce non-cell related battery pack costs by 30-40% by the end of 2023

- An important strategic move for Nikola with minimal capital outlay that will bring Romeo's deep battery and BMS engineering capabilities in-house; expected to accelerate Nikola's product development, increase range and charge rates, and improve customer experiences

5

- Provides Nikola with domestic battery pack manufacturing capability, complementing Nikola's commitment to dual-source battery pack strategy to satisfy capacity needs

- Romeo has proven battery pack technologies and a significant battery cell supply agreement in place

- Nikola is Romeo's largest production customer, and the parties have strong ongoing engineering collaboration

**Exchange Offer**

The transaction has been approved by the Boards of Directors of both companies. Under the terms of the agreement, Nikola will commence an exchange offer to acquire all of the outstanding shares of Romeo common stock. Under the terms of the agreement, Romeo stockholders will receive 0.1186 of a share of Nikola common stock for each Romeo share, representing an equity value of approximately $144 million and 4.5% pro forma ownership of Nikola. The transaction is expected to be completed by the end of October 2022, subject to the tender by Romeo's stockholders of shares representing a majority of the outstanding Romeo common stock, and customary closing conditions, including regulatory approval. Upon the successful completion of the exchange offer, a newly-formed subsidiary of Nikola will be merged into Romeo, and any remaining shares of Romeo common stock that were not tendered in the exchange offer will be canceled and converted into the right to receive the same consideration payable in the exchange offer.

**B. The Materially Incomplete and Misleading 14D-9**

23.     On August 29, 2022, Defendants filed the 14D-9 with the SEC. The purpose of the 14D-9 is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to tender their shares in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether or not to tender his shares in favor of the Proposed Transaction.

> ### *Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

24.     The 14D-9 discloses management-prepared financial projections for the Company which are materially misleading. The 14D-9 indicates that in connection with the rendering of

Morgan Stanley's fairness opinion, Morgan Stanley reviewed "certain financial projections, including short-term liquidity forecasts, prepared by the management of Romeo." Accordingly, the 14D-9 should have, but failed to, provide certain information in the projections that Romeo Power's management provided to the Board and Morgan Stanley.

25.     Notably, the 14D-9 fails to disclose: (a) the line item entries forming the basis of the forecasted EBITDA and free cash flows ("FCFs") with respect to Romeo Power's "Case A" and "Case B" projections; (b) the working definition of EBITDA and FCF applied by Morgan Stanley;  (c) a quantification of the assumptions forming the basis of the forecasts; and (d) the financial forecasts for Nikola even though the Merger Consideration to Company stockholders in the Proposed Transaction consists of Nikola's common stock.

26.     This omitted information is necessary for Plaintiff to make an informed decision on whether to tender his shares in favor of the Proposed Transaction.

### Materially Incomplete and Misleading Disclosures Concerning Morgan Stanley's Financial Analyses

27.     With respect to the *Discounted Cash Flow Analysis,* the 14D-9 fails to disclose: (a) the value of the Romeo Power's stock-based compensation expense; (b) the Company's net taxes and changes in net working capital; (c) the Company's terminal value; (d) Romeo Power's net operating losses applied by Morgan Stanley; (e) the key data, inputs, and assumptions forming the basis of the range of perpetuity growth rates applied by Morgan Stanley; (f) the key data, inputs, and assumptions forming the basis of the range of discount rates applied by Morgan Stanley; (g) the Company's weighted average cost of capital; and (h) the number of shares of Company stock that are issued and outstanding on a fully diluted basis.

28.     With respect to the *Public Trading Comparables Analysis*, the 14D-9 fails to disclose: (a) the key data inputs, metrics, and assumptions utilized to calculate the AV/2023

Revenue multiple range of 0.50x – 0.90x; (b) the key data, inputs, metrics, and assumptions utilized to calculate the AV/2024 Revenue multiple range of 0.10x – 0.40x; (c) the Company's total debt; and (d) the Company's total cash and cash equivalents..

29.     With respect to the *Discounted Equity Value Analysis,* the 14D-9 fails to disclose: (a) the projected number of shares of the Company that are fully diluted; (b) the key data, inputs, and assumptions forming the basis of the range of discount rates applied by Morgan Stanley; (c) Romeo Power's estimated standalone calculated equity cost; and (d) the key data, inputs, metrics, and assumptions utilized to calculate the AV/NTM EBITDA multiple ranges applied by Morgan Stanley.

30.     This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, stockholders were not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

31.     In addition, the Individual Defendants knew or recklessly disregarded that the 14D-9 omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

32.     Specifically, the Individual Defendants undoubtedly reviewed the contents of the 14D-9 before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the 14D-9 omits the material information referenced above and contains the incomplete and misleading information referenced above.

33.     Further, the 14D-9 indicates that on July 28, 2022, Morgan Stanley reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion dated July 30, 2022, to the effect that the Merger Consideration was fair, from a financial point of view, to Romeo Power stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Morgan Stanley's financial analyses which has been omitted from the 14D-9, and thus knew or should have known that such information has been omitted.

34.     Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**All Defendants for Violations of Section 14(e) of the Exchange Act and Rule 14d-9**

35.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

36.     Defendants have filed the 14D-9 with the SEC with the intention of soliciting Romeo Power stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the 14D-9, which fails to provide the material information referenced above.

37.     In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Romeo Power, were aware of the omitted information but failed to disclose such information, in violation of

Section 14(e).

38.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. . . ." 15 U.S.C. § 78n(e).

39.     Specifically, and as detailed above, the 14D-9 violates Section 14(e) and Rule 14d-9 because it omits material facts concerning: (i) management's financial projections; and (ii) the value of Romeo Power shares and the financial analyses performed by Morgan Stanley in support of its fairness opinion.

40.     Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the 14D-9 is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the 14D-9 states that Morgan Stanley reviewed and discussed its financial analyses with the Board during various meetings including on July 28, 2022, and further states that the Board considered Morgan Stanley's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the 14D-9, rendering the sections of the 14D-9 identified above to be materially incomplete and misleading.

41.     The misrepresentations and omissions in the 14D-9 are material to Plaintiff, who will be deprived of his right to make an informed decision whether to tender his shares if such misrepresentations and omissions are not corrected prior to the end of the tender offer. Plaintiff

has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

### Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

42.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

43.     The Individual Defendants acted as controlling persons of Romeo Power within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Romeo Power and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the 14D-9 filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

44.     Each of the Individual Defendants was provided with or had unlimited access to copies of the 14D-9 and other statements alleged by Plaintiff to be misleading prior to the time the 14D-9 was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was

reviewed by the Board prior to voting on the Proposed Transaction. The 14D-9 at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the 14D-9.

46.     In addition, as the 14D-9 sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The 14D-9 purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

47.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

48.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) and Rule 14d-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing any amendment to the 14D-9 with the SEC unless and until Defendants agree to include the material information identified above in any such amendment;

B.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with,

consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the 14D-9;

      C.      In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

      D.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

      E.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

      F.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 9, 2022             **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*